IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| PAULINE BARRERA | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Civil Action No. 5:17-cv-165 |
| ACUITY HOSPITAL of SOUTH TEXAS, LLC | § | Non-Jury |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Pauline Barrera ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant ACUITY HOSPITAL of SOUTH TEXAS, LLC and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all of her hours and overtime hours at the appropriate rate. Plaintiff was not compensated at the rate of time and one-half her regular rate

of pay when she worked outside her normal work schedule and/or worked over 40 hours per week, as required by law.

## II. PARTIES

3. Plaintiff Pauline Barrera is an individual who was employed by Defendant within the meaning of the FLSA. She hereby consents to be a party in this action.

4. Defendant ACUITY HOSPITAL of SOUTH TEXAS, LLC (Defendant or "ACUITY HOSPITAL of SOUTH TEXAS, LLC") is a Texas domestic limited liability company and can be served with process by certified mail return receipt requested through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 USA. A waiver of service has been requested.

## 5.  III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

8. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### V. FACTUAL ALLEGATIONS

13. Defendant ACUITY HOSPITAL of SOUTH TEXAS, LLC is a hospital located in San Antonio, Texas. It is believed Defendant does more than $500,000.00 per year in business.

14. Plaintiff was employed by Defendant. Ms. Barrera was paid a salary of $970.00 per week, which means she earned approximately $24.25, per hour based on a 40 hour workweek. Overtime pay would have been $36.37. However, she was not properly paid for all of the time and overtime hours that she worked. Ms. Barrera generally worked at least one to two hours of overtime per day and worked three to four hours on weekends twice a month.

15. Assuming she worked at least 10 hours per week of unpaid overtime and 8 hours on weekends per month, she would be entitled to recover of at least $363.70 of overtime hours worked during the week and $290.96 of overtime hours worked on weekends per month of unpaid overtime.

16. Under the FLSA, Ms. Barrera would be entitled to recovery of $22,403.92 in unpaid overtime per year and a like amount of at least $22,403.92 in liquidated damages. She would be entitled to

recovery of two years of unpaid overtime and liquidated damages and three years of recovery if the court finds that the conduct is willful. Estimating a recovery for two years of unpaid overtime, Ms. Barrera would be entitled to recovery of $44,807.84 in unpaid overtime and $44,807.84 in liquidated damages.

17. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. RELIEF SOUGHT

19. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

c. For an Order awarding Plaintiff attorneys fees; and

d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

/s/ *Adam Poncio*
ADAM PONCIO
State Bar No. 16109800
THOMAS N. CAMMACK, III
State Bar No. 24073762
ALAN BRAUN
State Bar No. 24054488
ATTORNEY FOR PLAINTIFF

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:(210) 212-7979
Facsimile:(210) 212-5880


ATTORNEYS FOR PLAINTIFF